**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Desert Hills Presbyterian Church Incorporated,<br><br>    Plaintiff,<br><br>v.<br><br>NCWPCS MPL 28 - Year Sites Tower Holdings LLC,<br><br>    Defendant. | No. CV-24-03698-PHX-MTL<br><br>**ORDER** |

**I.**

This action arises from a lease agreement between Plaintiff, a religious-use property owner, and Defendant, a wireless communications facility operator. Defendant leases space in Plaintiff's church steeple for a cellular antenna. (Doc. 1 at 14) Plaintiff alleges in its Complaint that Defendant installed updates to the communication facility that did not conform with the parties' agreed-upon renderings. (*Id*. at 15) Plaintiff provided many notices of default and then sent a letter purportedly terminating the lease after Defendant failed to cure. (*Id*. at 15-16) Plaintiff alleges that Defendant has failed to vacate and surrender possession, and remove its equipment, in further violation of the lease. (*Id*. at 16) Defendant denies that the lease was terminated and denies that the lease and its addendum do not require Plaintiff's approval for modifications affecting the steeple's appearance. (Doc 1 at 7-8, Doc. 6 at 5-6; Doc. 11 at 9)

This action commenced in Arizona Superior Court. Defendant timely removed to this Court based on diversity jurisdiction. Now pending are two motions—Plaintiff's Motion to Remand and Defendant's Motion to Dismiss. Both motions will be denied.

## II.

### A.

The Court begins with the jurisdictional issue presented in Plaintiff's Motion to Remand. Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The requirement that jurisdiction be established as a threshold matter is inflexible and without exception; for jurisdiction is [the] power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up) (internal quotations and citation omitted).

Article III, section 2, of the United States Constitution establishes the categories of federal court jurisdiction. Applicable here is jurisdiction based on the parties' diversity of citizenship. Acting pursuant to its authority under Article III to regulate jurisdiction in the lower federal courts, Congress established strict parameters on diversity jurisdiction that includes complete diversity of the parties and a minimum matter-in-controversy exceeding $75,000. 28 U.S.C. § 1332(a).

The party asserting federal court jurisdiction bears the burden to show that jurisdiction exists. *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001).

### B.

The parties agree that there is complete diversity. But Plaintiff contends that Defendant cannot satisfy the $75,000 amount-in-controversy requirement because it seeks non-monetary equitable relief in the form of eviction. And, insofar as damages to repair the steeple are at issue, along with attorneys' fees and costs, such monetary relief will not exceed $75,000. (Doc. 10 at 2)

Where, as here, "it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Id.* at 775 (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)).

Defendant contests the merits of Plaintiff's action in terminating the lease. While Plaintiff has provided notices of default and a termination letter citing A.R.S. § 12-1171(3),[1] Defendant maintains that it is not in breach and is entitled to continued possession. (Doc. 11 at 8-9) Even if Defendant is in breach, it argues that the breach is "immaterial, trivial [or] technical" such that it "does not substantially deprive [Plaintiff of] the benefit of its bargain." (*Id.* at 9-10) Defendant cites Arizona Supreme Court authority holding that a landlord lacks a statutory right to declare a lease terminated for "trivial of technical" breaches. *Foundation Dev. Corp. v. Loehmann's Inc.*, 163 Ariz. 438, 445 (1990). Defendant thus contends that the amount-in-controversy requirement is satisfied based on the value of the remaining lease term.

The Court finds that the object of the litigation is Plaintiff's desire to terminate the lease and regain possession of the church steeple. This includes restoring the steeple to its original condition at Defendant's expense, as alleged and prayed for in the Complaint.

---

[1] That statute provides:

> A person is guilty of forcible entry and detainer, or of forcible detainer, as the case may be, if he: . . . . Wilfully and without force holds over any lands, tenements or other real property after termination of the time for which such lands, tenements or other real property were let to him or to the person under whom he claims, after demand made in writing for the possession thereof by the person entitled to such possession.

Based on the record, the Court finds that Plaintiff's objective to terminate the lease alone satisfies the amount-in-controversy requirement for diversity jurisdiction.[2] According to the real estate manager of Defendant's affiliate, the projected profit of the remaining lease term, January 2025 through September 30, 2058, is $232,298. (Doc. 11 at 17) The real estate manager estimates the present-day value of expected profit at $163,779. (*Id.*) This calculation was provided in a declaration supporting Defendant's opposition to the motion to remand and the Court finds it credible.

Plaintiff does not contest the accuracy of Defendant's future expected profit calculation. Instead, Plaintiff argues that it is irrelevant. It reasons that "[i]f the Church wins the case, the Church will have succeeded in proving that Defendant's Actions were a material breach of the [l]ease and the [l]ease was properly terminated. Thus, Defendant's future profits will be forfeited and irrelevant **because of their own breach**." (Doc. 14 at 4 (footnote omitted) (emphasis in original)) This is precisely the point that Defendant advances. If Plaintiff succeeds in this case, Defendant will lose (at least) $232,290 in future profit. And if Defendant wins, it will preserve those future profits. Thus, the amount-in-controversy easily clears the minimum jurisdictional hurdle.

### III.

### A.

The Court now turns to the Motion to Dismiss. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotations and citation omitted). A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plausibility is more than mere possibility; a plaintiff is required

---

[2] The Court need not examine Defendant's additional arguments concerning costs to restore the steeple and a potential attorneys' fees award.

to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

On a motion to dismiss, the Court may consider documents attached to the complaint or incorporated therein by reference. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**B.**

Defendant contends that the Complaint fails to assert breach of any lease provision. Relying on the lease documents, Defendant argues that it was within its rights to modify its communication facility and the steeple aesthetics without Plaintiff's consent. Plaintiff responds that the Complaint satisfies the Arizona state courts' pleading standards for forceable entry and detainer eviction proceedings.[3] This case was, after all, originally filed in state court as an eviction action. Plaintiff further argues that the well pleaded facts satisfy Federal Rule of Civil Procedure 8, *Iqbal*, and *Twombly*.

The Court agrees with Plaintiff that the Complaint satisfies the Arizona state court rules for notice pleading. The Arizona Supreme Court has expressly rejected applying *Iqbal* and *Twombly* for state court complaints. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 420 (2008).

But this case in now in federal district court, where the Federal Rules of Civil Procedure apply. Defendant seems to argue that the Complaint should be dismissed because it does not plausibly allege a breach of contract claim. The Plaintiff, being master of its complaint and choosing to file in state court, did not need to assert any claims beyond forcible entry and detainer. Regardless, the Court will analyze the Complaint against the Arizona-state-law cause of action for breach of contract.

---

[3] *See generally* A.R.S. §§ 12-1171 to 1183, 33-361, and the Arizona Rules of Procedure for Eviction Actions.

To prevail on a breach of contract claim, "a plaintiff must allege that (1) a contract existed, (2) it was breached, and (3) the breach resulted in damages." *Steinberger v. McVey ex rel. Cnty. of Maricopa*, 234 Ariz. 125, 140 (App. 2014).

Taking the Complaint's well-pleaded allegations as true, the Court finds that Plaintiff has adequately alleged a breach of contract claim. Plaintiff has alleged a lease agreement between itself and Defendant, consisting of an original lease and subsequent amendments and addenda. Plaintiff's theory of breach emphasizes section 1.1 of the second addendum to the lease, arguing that Defendant was required to obtain its permission before making any updates to the communication facility. (Doc. 1 at 14-15) The letters attached to the Complaint further explain Plaintiff's theory of breach. Finally, Plaintiff has adequately alleged damages that include Defendant's alleged wrongful possession and costs to restore the steeple to its original condition.[4]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is **DENIED**.

**IT IS FINALLY ORDERED** that a Rule 16 Scheduling Conference will be set by separate order. Given the nature of the claims and relief sought, the Court will set this matter on an **expedited track**. The deadlines proposed by the parties in the Rule 26(f) Joint Case Management Report must reflect the expedited track designation.

Dated this 13th day of March, 2025.

Michael T. Liburdi
United States District Judge

---

[4] Plaintiff may wish to consider pursuing an amended complaint that includes claims for relief such as breach of contract and declaratory judgment.